IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MARY BETH RABICOFF,**

     **Plaintiff,**

     **v.**                        **Case No. 16-2565**

**HY-VEE, INC.,**

     **Defendant.**

## MEMORANDUM & ORDER

This matter comes before the court on defendant, Hy-Vee, Inc.'s, Motion for Partial Summary Judgment. (Doc. 31.) Plaintiff Mary Beth Rabicoff claims defendant is vicariously liable for employee Andrea Williams's purported negligent and grossly negligent conduct. Plaintiff seeks compensatory and punitive damages. Defendant moves for summary judgment on plaintiff's claims of gross negligence and on the issue of punitive damages. Defendant argues that gross negligence is not a separate cause of action under Kansas law and that plaintiff failed to establish a sufficient claim for punitive damages. The court grants defendant's motion for the reasons discussed below.

### I.    Background

The following facts are either undisputed or viewed in the light most favorable to plaintiff. On August 17, 2015, Williams, while driving on a delivery for her employer, struck plaintiff's car. Just before striking plaintiff, Williams looked at her phone and neither applied her breaks nor recognized she was about to strike the plaintiff car. Williams claims her phone is usually on silent which is why she was suddenly distracted when her phone made a sound. Williams denies that she was texting and driving, however, the police officer who arrived at the scene reported that Williams told him she was looking at a text message right before she struck plaintiff's vehicle. Williams received a citation for

inattentive driving. Defendant has policy prohibiting the employee use of cell phones while driving in the course and scope of their employment. Defendant did not take any disciplinary action against Williams as a result of the collision.

## II.     Summary Judgment Standard

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The party moving for summary judgment has the burden to show "the lack of a genuine issue of material fact." *Ascend Media Prof'l Servs., LLC v. Eaton Hall Corp.*, 531 F. Supp. 2d 1288, 1295 (D. Kan. 2008) (citing *Spaulding v. United Transp. Union*, 279 F.3d 901, 904 (10th Cir. 2002) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986))). Once the moving party meets this initial burden, the burden then shifts to the nonmovant to "set forth specific facts showing that there is a genuine issue for trial." *Id.* (citing *Spaulding*, 279 F.3d at 904 (citing *Matsushita Elec. Indus. Co.*, 475 U.S. at 587)). The nonmovant may not rest on his pleadings or "rely on ignorance of the facts, on speculation, or on suspicion and may not escape summary judgment in the mere hope that something will turn up at trial." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 259 (1986)); *Conaway v. Smith*, 853 F.2d 789, 794 (10th Cir. 1988). Instead, the nonmovant is required to set forth specific facts, by referencing affidavits, deposition transcripts, or exhibits, from which a rational trier of fact could find for him. *Ascend Media*, 531 F. Supp. 2d at 1295 (citing *Adams v. Am. Guar. & Liab. Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir. 2000)).

## III.     Discussion

### A.  Gross Negligence.

Kansas does not recognize a claim of gross negligence and does not recognize degrees of negligence.  *Danisco Ingredients USA, Inc. v. Kansas City Power & Light Co.*, 986 P.2d 377, 385 (Kan. 1999).  Parties therefore cannot pursue separate claims for gross negligence.  *Danaher v. Wild Oats Mkts., Inc.*, 779 F. Supp. 2d 1198, 1213 (D. Kan. 2011).  The court grants summary judgment on plaintiff's claim of gross negligence.

### B.  Punitive Damages.

Under K.S.A. § 60-3701, a plaintiff is entitled to punitive damages if she can show—by clear and convincing evidence—that the defendant acted with willful or wanton conduct or with fraud or malice.  K.S.A. § 60-3701(c).  When a plaintiff seeks punitive damages against an employer, the plaintiff must also prove "the questioned conduct was authorized or ratified by a person expressly empowered to do so on behalf of the principal or employer."  *Id.* § 60-3701(d)(1).  Authorization under this provision "may be either express or implied and generally is accomplished before or during the employee's questioned conduct."  *Smith v. Printup*, 866 P.2d 985, 1003 (Kan. 1993).  Ratification, on the other hand, "may be either express or implied and may be accomplished before, during, or after the employee's questioned conduct.  It may be . . . based on a course of conduct indicating the approval, sanctioning, or confirmation of the questioned conduct."  *Id.*

Here, plaintiff's claim for punitive damages is based on:

> [n]egligence and gross negligence against Defendant in the following particulars:
> a. In texting or otherwise using her cell phone;
> b. In failing to keep a proper lookout;
> c. In failing to slow, swerve, or stop;
> d. In failing to maintain proper control of her vehicle;
> e. In failing to give warning of her approach

(Doc. 33, at 4).  Defendant notes that plaintiff did not allege any of this conduct was willful, wanton, with fraud, or with malice as required by K.S.A. § 60-3701(c) to prove entitlement to punitive damages, rather, she simply argued that Williams was grossly negligent.  In her response to defendant's motion for partial summary judgment, plaintiff claims—for the first time—that Williams's conduct was wanton or reckless.  Defendant argues that because plaintiff did not properly plead conduct which would allow for punitive damages, the court should grant summary judgment.

While Kansas law does not recognize degrees of negligence, "'gross negligence'" is considered synonymous with 'wanton conduct.'" *Butler Mfr. Co. v. Americold Corp.*, 835 F. Supp. 1274, 1276 n.2 (D. Kan. 1993).  For an act to be wanton, "the actor must have reason to believe that his act may injure another and commit the act anyway, with indifference to whether it injures another." *Printup*, 866 P.2d at 1012.  "Wantonness refers to the mental attitude of the wrongdoer rather than to a particular act of negligence." *Messer v. Amway Corp*., 210 F. Supp. 2d 1217, 1237 (D. Kan, 2002).

Regardless of what terminology plaintiff used, she has not shown she is entitled to punitive damages.  Plaintiff claims Williams's act of texting and driving was wanton.  The evidence, however, even when viewed in the light most favorable to plaintiff, does not prove that Williams was texting and driving.  Williams testified she was distracted when she heard a noise on her phone and looked down immediately prior to the collision.  The responding police officer noted that "Ms. Williams told me she was looking at a text message on her cellular phone when she struck [plaintiff's car]."  (Doc. 37-1, at 2.)  Williams never admitted to, nor does any evidence show, that she was actively texting or using her phone immediately prior to the collision or at any time during her delivery.  The evidence simply shows Williams was suddenly distracted by the sound of her phone, looked down, and then struck plaintiff's vehicle.  This single distraction does not establish that she had the requisite mindset to meet the definition of "wanton conduct."  Further, plaintiff has not cited any authority to support her

contention that this single negligent act rises to the level of wanton conduct. Punitive damages are not available because plaintiff cannot prove with clear and convincing evidence that Williams's conduct was wanton under K.S.A. § 60-3701(c). The court therefore need not address whether defendant authorized or ratified Williams's conduct.

**IT IS THEREFORE ORDERED** that defendant's Motion for Partial Summary Judgment (Doc. 31) on plaintiff's claims of gross negligence and punitive damages is granted.

Dated December 22, 2017, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**